FILED
Oct 09, 2023
08:38 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Abdullah Hussein,** | ) | **Docket No. 2021-06-0602** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Taylor Farms TN, Inc., d/b/a Taylor** | ) | **State File No. 57595-2020** |
| **Fresh Foods, Inc.,** | ) | |
| **Employer,** | ) | |
| **And** | ) | **Judge Kenneth M. Switzer** |
| **American Zurich Ins. Co.,** | ) | |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

Abdullah Hussein sustained a compensable back injury at work. Later, he alleged additional injuries from a fall at home while under the effects of pain medication for his back injury. Taylor Farms denied that those injuries relate to his employment and moved for involuntary dismissal at an October 4, 2023 expedited hearing. For the reasons below, the Court holds that Mr. Hussein cannot show a likelihood of prevailing at trial, so the motion to involuntarily dismiss his claim for the fall is granted.

### Claim History

On September 1, 2020, Mr. Hussein injured his back at work. He received authorized treatment from Dr. Tarek Elalayli, who was chosen from a panel of physicians and prescribed medications.

Mr. Hussein testified that on November 2, he woke up and "didn't have a focus." Mr. Hussein fell, injuring his knee. He said he fell from the effects of pain medication, taken for his work-related back injury.

From the medical records, Dr. Elalayli saw Mr. Hussein on December 2, 2020. The records do not mention a fall. He wrote, "His primary concern is in regards to right knee pain for which he is seeing Dr. Cook under his private insurance. Currently not working

1

because of his knee." Dr. Elalayli placed Mr. Hussein at maximum medical improvement for his back and returned him to full-duty work. He noted that Mr. Hussein may return "as needed."

Dr. Elalayli completed two forms summarizing his treatment and opinions. Taylor Farms filed a C-30A Final Medical Report dated December 3, 2020, where he assigned a zero-percent impairment rating. Mr. Hussein filed a C-32 Standard Form Medical Report dated August 3, 2021, in which Dr. Elalayli assigned a seven-percent impairment rating for a lumbar disc herniation.

Taylor Farms sent Dr. Elalayli a letter in January 2023. He checked the following as correct with no elaboration: "I am of the opinion within a reasonable degree of medical certainty that the medications that Abdullah Hussein [were] prescribed for his workers [sic] compensation injury dated September 1, 2020 were more likely than not, NOT the primary cause of his fall at home on November 2, 2020." (Emphasis in original).

For his part, Mr. Hussein testified that he has returned to Dr. Elalayli, who performed neck surgery. Neither party offered any records of this treatment.

In his petition, Mr. Hussein alleged that he received treatment for his back, knee, neck, and shoulder, including surgeries. He filed records from unauthorized treatment with various providers, but they are incomplete and do not document any surgery.

The records state that in February 2022, Mr. Hussein told a nurse practitioner about his work-related back injury. He also gave a history that he fell at home and injured his neck and shoulder, both of which were surgically repaired. The supervising physician, Dr. Brett Parker, ordered a lumbar spine MRI, which confirmed an impingement and disc protrusion. In May, Dr. Scott Parker diagnosed lumbar radiculopathy, and Mr. Hussein underwent an epidural steroid injection. Then, in December 2022 and February 2023, Mr. Hussein visited the emergency room for lumbar radiculopathy. None of the records contains an opinion relating Mr. Hussein's conditions to a work injury.

At trial, Mr. Hussein testified that he sent copies of all medical records and reports to an ombudsman attorney with the Bureau of Workers' Compensation.

**Findings of Fact and Conclusions of Law**

At the close of Mr. Hussein's proof, Taylor Farms moved for a "directed verdict," meaning an involuntary dismissal of the request for expedited hearing under Rule 42.01 of the Tennessee Rules of Civil Procedure.

In *Garcia Carillo v. Sanchez Hurtado,* 2023 TN Wrk. Comp. App. Bd. LEXIS 40, at *9-10 (Aug. 16, 2023), the Appeals Board explained involuntary dismissals at this stage

of the case.  The Board wrote that at an expedited hearing, "a defendant in the case can, at the close of the employee's proof, seek a ruling from the court as to whether the employee's evidence fails to support an interlocutory order for benefits."  If the motion is granted, the trial court may deny the request for benefits.  *Id.* at *10.  This is a dismissal of the employee's requested benefits, not a dismissal of the employee's claim as a whole.  The trial court must determine whether the employee offered sufficient evidence to show he is likely to prevail at a hearing on the merits.  *Id.*

Here, Mr. Hussein offered no medical opinion to support his request.  To prevail at trial, he must show that his alleged knee, shoulder, and neck injuries arose primarily out of and in the course and scope of his employment.  He must show to a reasonable degree of medical certainty that a work incident contributed more than fifty percent in causing his need for medical treatment, meaning that in the physician's opinion, it is more likely than not considering all causes, as opposed to speculation or possibility.  Tenn. Code Ann. § 50-6-102(12)(A)-(D) (2023).

The "direct and natural consequences" rule means "every natural consequence that flows from the [work-related condition] arises out of the employment, unless it is the result of an independent intervening cause attributable to the employee's intentional conduct." *Braden v. Mohawk Indus., Inc.,* 2022 TN Wrk. Comp. App. Bd. LEXIS 11, at *8 (Mar. 1, 2022).

Mr. Hussein argued that Dr. Elalayli did not witness his fall at home.  The Court agrees.  But Dr. Elalayli did not need to see fall.  Rather, he is qualified to offer an expert opinion on whether medications he prescribed caused the fall that led to Mr. Hussein's additional injuries.

Dr. Elalayli responded that Mr. Hussein's later injuries were not the direct and natural consequence of the original, work-related injury in the causation letter.  He checked the option, "within a reasonable degree of medical certainty . . . the medications that Abdullah Hussein [were] prescribed for his workers [sic] compensation injury dated September 1, 2020 were more likely than not, NOT the primary cause of his fall at home on November 2, 2020."  Dr. Elalayli was chosen from a panel, so his causation opinion is presumed correct.  *Id.* at -102(12)(E).  Mr. Hussein offered no contrary expert opinion.

Instead, Mr. Hussein testified that medications caused his fall and resulting injuries.  However, parties "cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments."  *Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018).

As for Mr. Hussein's testimony that he gave all supporting medical documentation to the ombudsman attorney, this is not the equivalent of filing them with the Court Clerk.  *See* Tenn. Comp. R. & Regs. 0800-02-21-.02(16) (February, 2022) ("Filed" is defined as

3

hand-delivery, mailing, faxing or e-mailing documents to the "clerk," or delivery via the Bureau's electronic filing system). In addition, Mr. Hussein signed a Certificate of Non-Representation explaining the ombudsman attorney's limitations. The certificate states that an ombudsman attorney is prohibited from "[f]iling documents in the trial court . . . on behalf of any party[.]"

Therefore, the Court holds Mr. Hussein has not satisfied his burden of showing that his alleged knee, shoulder, and neck injuries arose primarily from his employment. His hearing request is involuntarily dismissed.

IT IS ORDERED AS FOLLOWS:

1. Mr. Hussein's request for medical and temporary disability benefits for alleged knee, neck, and shoulder injuries is denied at this time.

2. Mr. Hussein remains entitled to reasonable, necessary, and related treatment with Dr. Elalayli for his low back. *Limberakis v. Pro-Tech Sec., Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *8-10 (Sept. 12, 2017).

3. This case is referred to MOST for alternative dispute resolution with a Nashville-based mediator on **January 23, 2024, at 9:00 a.m. Central Time.** The mediator may decide the mode and will contact the parties to discuss the specifics. The mediator is advised that Mr. Hussein's first language is not English and should allow additional time for interpretation. The mediator shall assist the parties in reaching a full settlement, or if unsuccessful shall issue a dispute certification notice.

4. The Court sets a status hearing on **February 12, 2024, at 9:00 a.m. Central Time. You must dial 615-532-9552 or 866-943-0025. Taylor Farms must arrange for an interpreter.** This hearing will be canceled if the case settles. If no settlement is reached, the Court will set the compensation hearing.

**ENTERED October 9, 2023.**


_Kenneth M. Switzer_____
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

4

**Appendix**

Technical record
1. Petition for Benefit Determination, filed by Employee, June 5, 2021
2. Petition for Benefit Determination, filed by Employer, June 3, 2022
3. Dispute Certification Notice, and Employer's Additional Information
4. Order Setting Status Hearing
5. Order Resetting Status Hearing
6. Order on Status Hearing
7. Hearing Request and Certificate of Non-Representation
8. Motion for Continuance
9. Order Resetting Expedited Hearing
10. Motion for Continuance, March 13, 2023
11. Expedited Hearing Order Denying Benefits
12. Order Setting Expedited Hearing

Exhibits
1. Declaration of Mr. Hussein
2. Form C-32, Choice of Physicians Form
3. Wage Statement
4. Dr. Elalayli medical records
5. Employee's Medical Records for Expedited Hearing

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on October 9, 2023.

| Name | Certified Mail | Regular Mail | Email | Service sent to: |
|---|---|---|---|---|
| Abdullah Hussein, Employee | X | X | X | 3811 Sam Boney Dr. Nashville TN 37211 Ibrahimsuzon00@gmail.com |
| Peter Rosen, Employer's Attorney | | | X | prosen@vkbarlaw.com |
| MOST | | | X | April.Verdoni@tn.gov Davette.C.Taylor@tn.gov |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*